IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION AT JACKSON

---

ANNETTE MILIKEN,

    Plaintiff

v.                                                         NO:

                                                           Jury Demanded

DANA LIMITED, LLC
d/b/a DANA HOLDING CORPORATION,

    Defendant.

---

## COMPLAINT

---

**COMES NOW the Plaintiff, ANNETTE MILIKEN**. She shows:

1. This matter concerns retaliation under Tennessee's Human Rights Act for a good faith complaint of sexual harassment, brought in this United States District Court, pursuant to diversity of citizenship jurisdiction.

### I. THE PARTIES
#### A. THE PLAINTIFF

2. Plaintiff, ANNETTE MILIKEN, currently resides in Paris, Tennessee and is a citizen of the United States.

1

B. THE DEFENDANT

3. Defendant, DANA Limited, LLC d/b/a DANA Holding Corporation, is a foreign corporation (Ohio), which employed Plaintiff within the Western District of Tennessee at its location in Paris, Tennessee.

4. The Defendant is bound by the Tennessee law against retaliation under the Tennessee Human Rights Act (THRA). Tenn. Code Ann. § 4-21-101 et. seq.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to diversity of citizenship, as this case involves "citizens" of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

6. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

## III. FACTS

7. Defendant engages in "joint employment" of workers, utilizing a leasing company (temporary agency) known as Hamilton Ryker. Defendant supplies the work, supervision, instruction, and terms and conditions for becoming a "permanent" employee with Defendant (a non-temporary employee).

8. Plaintiff, being jointly employed by Hamilton Ryker and Defendant as

an "at will" employee, had an expectation of "permanent" employment with Defendant which would offer her greater benefits, status, and security.

9. Plaintiff worked on a press. Though jointly employed, she worked alongside employees employed solely by DANA. At times, two-persons would operate a press side-by-side.

10. In July of 2015, one of Defendant's press operators, a male, made comments to Plaintiff at work of how he had been "watching her" and would "watch her all night long." In July of 2015, this press operator obtained Plaintiff's telephone number and called her at home. He informed Plaintiff that his wife was out of town and that he wanted Plaintiff to come to his home and engage in sexual activities. Plaintiff was unnerved and rejected the advance.

11. Plaintiff advised Defendant's supervisor, her immediate supervisor, of the inappropriate sexual advances. She said this made her uncomfortable at work and that she did not want to work alongside him on a two-person press. Defendant's supervisor thanked Plaintiff for advising him, assured her that this person would not work alongside Plaintiff, and further stated that this person was a known "dog."

12. In October of 2015, Plaintiff was advised by Defendant that she was under consideration for permanent employment. Her supervisor had

3

recommended it and her work performance was good. Plaintiff even interviewed with Human Resources, on or about October 6, 2015, with Human Resources complimenting her on the interview.

13. As word spread about Plaintiff becoming "permanent," a complaint was registered against Plaintiff—sourced by and through the man about whom she had complained of sexual harassment. This complaint falsely stated that <u>Plaintiff</u> had engaged in sexual harassment of <u>him</u>.

14. On or about October 13, 2015, Plaintiff spoke to Defendant's Human Resource official. This official advised Plaintiff that she could not be hired permanently, that her services were no longer needed at all, and that the reason was a sexual harassment complaint registered against her. Plaintiff said there was no truth whatsoever and asked for the investigation procedures. Human Resources responded that sexual harassment investigations are not done for "temps," only for "permanent employees," and since the complaint against her was registered while she was still a "temp," that it could not investigate. Thus, the allegation was *assumed* to be truthful and Plaintiff could not be retained or hired permanently.

15. This lack of procedure violates Tennessee law of sexual harassment because Plaintiff <u>is</u> an "employee," as a joint employee of Defendant. Her status as a "Temp" employee does not forfeit her rights under the THRA. In

fact, Defendant has pursued a custom and practice of ratifying sexual harassment by purposefully not investigating and assuming the truth.

16. As a result of Defendant's actions, Plaintiff has suffered lost wages and benefits. She has suffered the indignity of a termination, with the stain of "sexual harassment" being the (utterly false and retaliatory) reason. She has suffered worry, anxiety and humiliation from the termination. She seeks such actual and compensatory damages. She also seeks her attorneys fees.

### IV. LEGAL CAUSES OF ACTION

16. Based on the foregoing, Plaintiff brings suit against Defendant for:

    A. Retaliation under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301.;

17. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be awarded all compensatory damages available, any other equitable relief, wage and benefit losses, her attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which she may be entitled.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jonathan L. Bobbitt (TN Bar No. 023515)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com

Jessica F. Salonus (TN Bar No. 28158)
101 North Highland
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jsalonus@gilbertfirm.com